**United States Bankruptcy Court**
**Northern District of Illinois**

In re John Bernard O'Brien — Debtor(s) — Case No. 23-11108 — Chapter 7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 10,000.00[1] |
| Prior to the filing of this statement I have received for this case | $ | 10,000.00 |
| Balance Due | $ | 0.00 |

2. The source of the compensation paid to me was:

   ☒ Debtor ☐ Other

3. The source of compensation to be paid to me is:

   N/A

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service ~~for all aspects of the bankruptcy case, including~~ as follows:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs ~~and plan~~ which may be required;
   c. Representation of the debtor at the meeting of creditors ~~and confirmation hearing~~, and any adjourned hearings thereof;
   d. ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters~~.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:
   a. Any Non-Dischargeability Proceeding;
   b. Any Objection to Discharge Proceeding;
   c. Preparation for and attendance at Bankruptcy Rule 2004 examinations;
   d. Any and all matters regarding tax-related issues;
   e. Efforts to negotiate a purchase of the bankruptcy trustee's interest in and to the debtor's non-exempt assets; or

---

[1] In accordance with Local Rule 2016-1, a copy of the written engagement letter with the debtor, redacted to disclose only those provisions governing the "compensation paid or given, or to be paid or given, to or for the benefit of the attorney," L.R. 2016-1, is attached hereto.

Software Copyright (c) 1996-2008 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy

In re John Bernard O'Brien Case No. 23-11108
Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
(Continuation Sheet)

f. any and all matters not expressly set forth in paragraph 5 above.

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: September 6, 2023

/s/ Alexander F. Brougham

Alexander F. Brougham, Esq. ARDC #6301515
Adelman & Gettleman, Ltd.
53 W. Jackson Blvd., Suite 1050
Chicago, IL 60604
312-435-1050

Software Copyright (c) 1996-2008 Best Case Solutions - Evanston, IL - (800) 492-8037 Best Case Bankruptcy



ADELMAN & GETTLEMAN LTD
established 1983

53 W. Jackson Boulevard | Suite 1050 | Chicago, Illinois 60604 | 312-435-1050 | Fax 312-435-1059
www.ag-ltd.com

ADAM P. SILVERMAN
asilverman@ag-ltd.com

April 7, 2023

**Personal and Confidential**
**Subject to Attorney/Client Privilege**

**VIA E-MAIL**: jbobrien60614@mac.com
John O'Brien
1730 N. Clark St.
Unit 4111
Chicago, IL 60614

Re: Retention of Adelman & Gettleman, Ltd.

Dear John:

This letter will confirm and finalize the arrangement under which our firm will act as insolvency/bankruptcy counsel to you, individually, in connection with your filing of a Chapter 7 bankruptcy case under Chapter 7 of the United States Bankruptcy Code (a "**Chapter 7 Case**").

We previously represented a company of which you are the sole shareholder, O'Brien Metal, Inc., an Illinois corporation, d/b/a Digital Fabricator, Inc. and Digital Manufacturing, Inc. ("**O'Brien Metal**"), in connection with its financial condition and affairs. The terms of our representation of O'Brien Metal were set forth in that certain letter dated March 17, 2021 and entitled "Retention of Adelman & Gettleman, Ltd." (the "**O'Brien Metal Engagement Letter**"). It is our understanding that O'Brien Metal has ceased operating and has no more assets of significance. Accordingly, by signing this engagement letter (the "**Chapter 7 Engagement Letter**"), you are confirming that (a) our representation of O'Brien Metal has terminated, and (b) the terms of this Chapter 7 Engagement Letter, and not those of the O'Brien Metal Engagement letter, govern our representation of you.

Document Page 4 of 12

ADELMAN & GETTLEMAN LTD
established 1983

Page | 2
April 6, 2023
Mr. John O'Brien

[redacted]

1243798_2

ADELMAN & GETTLEMAN LTD
established 1983

Page | 3
April 6, 2023
Mr. John O'Brien

1243798_2

**ATTORNEYS' FEES**

As we have discussed with you, our prior representation of O'Brien Metal has resulted in accrued but unpaid fees owed to our firm in an amount exceeding $4,500. As a prerequisite to our retention by you, individually, as set forth herein, we have agreed to accept $3,500.00 in full satisfaction of the balance owed to our firm by O'Brien Metal (the "**Prior Representation Payment**"). Our representation of you will not commence until the Prior Representation Payment is received. Upon receipt of the Prior Representation Payment, any remaining fees owed to our firm by O'Brien Metal will be deemed waived.

In connection with our representation, and in addition to the Prior Representation Payment, we are to receive an "advance payment retainer" in the amount of $10,000.00, plus the applicable Chapter 7 filing fee of $338.00 (collectively, the "**Chapter 7 Prepayment**") upon the signing of this letter. The Chapter 7 Prepayment shall be in full satisfaction of the Retained Services (as defined below), except as otherwise provided herein. A Chapter 7 Case will not be commenced without your written approval.

In the event it is mutually decided to postpone the filing of a Chapter 7 Case for any reason to a date after June 13, 2023 (the "**Filing Date**"), then, in such event, the Chapter 7 Prepayment will not be in full satisfaction of the Retained Services, and we will send you monthly invoices for services rendered, applying the Chapter 7 Prepayment and requesting payment on any outstanding amounts due. All invoices shall be due seven (7) days after the date of our invoices (the "**Due Date**"). You agree to reimburse us for all disbursements or expenses incurred on your behalf, such as filing fees, computer research fees, copying, and messenger services. In the event it is mutually decided to file a Chapter 7 Case after the Filing Date, then, in such event, you agree to replenish the Chapter 7 Prepayment as a condition to the filing of such case.

In the event a Chapter 7 bankruptcy case is not filed prior to the Filing Date and we continue to render services as provided in this retention agreement, we will be invoicing you on a monthly basis for services rendered. In such event, we are to receive $545.00 an hour for the time expended by Messrs. Adelman, Gettleman or Merens, $495.00 for Mr. Silverman, $450.00 for Messrs. Chaiken and Buck, $395.00 an hour for Mr. Brougham, $365.00 an hour for Mr. Dwayne, $315 an hour for Mr. Bowens, and $150.00 an hour for research clerks and paralegals. These hourly rates are significantly less than our customary rates as a courtesy to you. We reserve the right to increase our hourly rates at year-end. While we expect Messrs. Silverman and Brougham will handle the majority of your matters, other attorneys may be called upon to participate as may be warranted.

**RETAINED SERVICES**

The Chapter 7 Prepayment shall be in full satisfaction of the following services (the "**Retained Services**"):

1. To provide legal advice with respect to your rights, duties and obligations as a debtor in the Chapter 7 Case, including your exemptions;

2. To assist you in preparing or amending, if applicable and as the case may be, your bankruptcy schedules and statement of financial affairs and other ordinary and customary documents relating to the Chapter 7 Case;

3. To represent you at the first meeting of creditors conducted by the Chapter 7 trustee; and

4. Advising you, on a preliminary basis, whether there is a legitimate concern that your acts or conduct may give rise to an objection to your discharge in bankruptcy, or whether certain claims against you may be non-dischargeable.

**EXCLUDED SERVICES**

The Chapter 7 Prepayment does not encompass our representation of you in any of the following matters: (a) any Non-Dischargeability Proceeding; (b) any Objection to Discharge Proceeding; (c) preparation for and attendance at Bankruptcy Rule 2004 examinations; (d) any and all matters regarding tax-related issues; (e) efforts to negotiate a purchase of the bankruptcy trustee's interest in and to your non-exempt assets; or (f) any and all other matters not expressly set forth above as being included in the Retained Services (collectively, the "**Excluded Services**"). In the event that the need for any of the Excluded Services arises in the Chapter 7 Case, we will require additional prepayment(s) in amounts to be mutually agreed upon and fully paid as a condition to performing further work. By signing this agreement, you are acknowledging that if you are unable to reach an agreement with us concerning prepayments for Excluded Services, you will seek alternative counsel.

Document Page 8 of 12

ADELMAN & GETTLEMAN LTD
established 1983

Page | 6
April 6, 2023
Mr. John O'Brien

1243798_2

**ABSOLUTE TRANSFER OF PREPAYMENT**

The Advance Payment Retainer will be treated as an absolute transfer to us, is income to us upon receipt, and will not be held in a client trust account, but rather, will be deposited into our firm's regular operating or general business account.

**ADVANCE PAYMENT RETAINER**

Please note that under Illinois law, there is another type of retainer paid to attorneys which is referred to as a "security retainer" under which the retainer is held by the attorney in a separate trust account and it remains the property of the client until the attorney applies it to charges for services that are actually rendered. Under Illinois law, you have the option to treat the Chapter 7 Prepayment as a "security retainer"; however, please be advised that we are unwilling to represent you unless the Chapter 7 Prepayment is treated as an "advance payment retainer" as described above. One of the reasons that we prefer to treat the Chapter 7 Prepayment as an "advance payment retainer" rather than as a "security retainer" is that under Illinois law and in applicable circumstances, a "security retainer" may remain subject to the claims of creditors, while an "advance payment retainer" does not. Accordingly, we believe that treating the Chapter 7 Prepayment as an "advance payment retainer" will afford both you and us with greater assurance that we will be compensated and that you will have legal services to the extent of the Chapter 7 Prepayment, and subject to the terms of this letter. Accordingly, by executing this letter, you agree that the Chapter 7 Prepayment and any additional prepayments shall be treated as an "advance payment retainer" as described above, and not as a "security retainer."

Document Page 10 of 12

ADELMAN & GETTLEMAN LTD

established 1983

Page | 8
April 6, 2023
Mr. John O'Brien

1243798_2

ADELMAN & GETTLEMAN LTD

established 1983

Page | 9
April 6, 2023
Mr. John O'Brien

1243798_2

ADELMAN & GETTLEMAN LTD
established 1983

Page | 10
April 6, 2023
Mr. John O'Brien

If you have any questions or if I may be of further assistance, please feel free to contact me.

Sincerely,

Adam P. Silverman

THE ABOVE TERMS OF RETENTION ARE FULLY UNDERSTOOD, ACKNOWLEDGED, APPROVED AND AGREED TO AS OF THIS 16 DAY OF JUNE, 2023.

JOHN O'BRIEN

1243798_2